10318

FAIR v. DORCHESTER LUMBER COMPANY.

(101 S. E. 845.)

CORPORATIONS—DOMESTIC CORPORATION PROPERLY SUED IN COUNTY IN WHICH IT HAD AGENT FOR TRANSACTION OF BUSINESS.—Where domestic corporation was sued in county in which it maintained an agent for purpose of transaction its corporate business in such county, and in which it transacted its corporate business, and held itself out to be a common carrier for hire, Court properly refused corporation's motion, under Code Civ. Proc. 1912, sec. 176, subd. 1, for change of venue.

Before BOWMAN, J., Orangeburg, at chambers. Affirmed.

Action by Samuel A. Fair, as administrator, etc., against the Dorchester Lumber Company. From order refusing motion to change the venue, defendant appeals.

*Mr. T. M. Raysor* and *Messrs. Moss & Lide,* for appellant, submit: *The Circuit Judge erred in refusing to transfer the case to Dorchester county where the defendant transacted all of its corporate business and maintained all of its agents for such purpose:* Code of Procedure 1912, sec. 176; 22 S. C. 276; 74 S. C. 438; 74 S. C. 69; 25 S. C. 387; 28 S. C. 313; Code of Procedure 1912, sec. 174; 47 S. C. 390; 65 S. C. 328.

*Messrs. Wolfe & Berry* and *Mr. Adam H. Moss,* for respondent, submit: *The only question presented for decision upon Circuit was one of fact: Did the defendant corporation transact any of its corporate business in, and maintain an agent or agents in Orangeburg county? And the decision is final:* 61 S. C. 257. *If a question of jurisdiction is involved this Court will entertain an appeal for the sole purpose of ascertaining whether or not the determination of the Circuit Judge is supported by the testimony:* 9 S. C. 285. *A domestic corporation has its residence where its corporate business is done:* 2 Rich. (31 S. C. L.) 512; 1 Strob. (32

S. C. L.) 70.  *A domestic corporation resides in any county where it maintains an agent and transacts its corporate business:* 74 S. C. 72-3; 74 S. C. 440.  *A domestic corporation is resident in any county in the State where it maintains an agent and conducts its corporate business, and must be sued in a county where it has such legal residence:* 78 S. C. 325.

January 26, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant, in causing the death of his son; and the appeal is from the following order of his Honor, the Circuit Judge, refusing the motion to change the venue:

"This is a motion to change the place of trial of this case from Orangeburg county to Dorchester county; it being claimed by the defendant that Dorchester county is the proper county for the trial thereof.  The motion is made under subdivision 1 of section 176 of the Code of Civil Procedure 1912.

"After hearing the evidence, and after full argument of counsel, I am of the opinion that the defendant transacts its corporate business in the county of Orangeburg and maintains an agent or agents therein for such purposes, and that, therefore, Orangeburg is a proper county for trial of this case, as the defendant is a domestic corporation maintaining an agent and transacting its corporate business in Orangeburg county.

"Ordered that the motion of the defendant to change the place on trial from Orangeburg to Dorchester county be, and hereby is, refused."

There was testimony to the effect that the defendant held itself out in both counties as a common carrier for hire.

Appeal dismissed.